UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JAMEL E. BEN ABDALLAH,

                                    Plaintiff,

              -vs-                                            09-CV-0861-JTC

JANET NAPOLITANO, Secretary, United States
Department of Homeland Security,

                                    Defendant.

_____

        In a decision and order entered on November 9, 2012, this court granted

defendant's motion for summary judgment dismissing the complaint in this action in its

entirety.  *Abdallah v. Napolitano*, ___ F. Supp. 2d ___, 2012 WL 5471986 (W.D.N.Y. Nov.

9, 2012).   Plaintiff moves for reconsideration pursuant to Fed. R. Civ. P. 59(e), which

provides, simply, that "[a] motion to alter or amend a judgment must be filed no later than

28 days after the entry of the judgment."

        The standard for granting a motion for reconsideration is "strict, and reconsideration

will generally be denied unless the moving party can point to controlling decisions or data

that the court overlooked – matters, in other words, that might reasonably be expected to

alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257

(2d Cir. 1995), *quoted in Space Hunters, Inc. v. U.S.*, 2012 WL 4903254, at *4 (2d Cir. Oct.

17, 2012).  "A movant for reconsideration bears the heavy burden of demonstrating that

there has been an intervening change of controlling law, that new evidence has become

available, or that there is a need to correct a clear error or prevent manifest injustice."

*Quinn v. Altria Group, Inc.*, 2008 WL 3518462, at *1 (S.D.N.Y. Aug. 1, 2008) (citing *Virgin*

*Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.), *cert. denied*, 506 U.S. 820 (1992)); *see also Delena v. Verizon New York Inc.*, 2008 WL 4500194, at *1 (W.D.N.Y. Sept. 30, 2008).

In support of his motion in this case, plaintiff contends that the court committed "clear legal error" by relying on Second Circuit case law of "questionable precedential value" (Item 63-1, p. 1) when it found that plaintiff had failed to proffer any admissible evidence, beyond the allegations in the pleadings and his own self-serving deposition testimony, sufficient to raise a reasonable inference that his probationary employment as a Customs and Border Protection ("CBP") Officer with the U.S. Department of Homeland Security ("DHS") was terminated on the basis of illegal discrimination.  *See Abdallah*, 2012 WL 5471986, at *11-13.  Specifically, plaintiff challenges the court's reference to the holdings in *Fisher v. Vassar College*, 114 F.3d 1332 (2d Cir. 1997), and *James v. New York Racing Association*, 233 F.3d 149 (2d Cir. 2000), which plaintiff contends have been abrogated or superceded by the Supreme Court's decision in *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000).  Plaintiff further asserts that, in reaching its determination, the court ignored the more recent binding precedent of *Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003), cited by plaintiff in his summary judgment brief, in which the Supreme Court held that under the 1991 amendments to Title VII, a plaintiff in a so-called "mixed-motive" case is not required to produce direct evidence that the employer's stated non-discriminatory reason for its employment action was a pretext for discrimination, but need only offer evidence of discriminatory intent as a motivating factor.  *See Id.* at 101-02.

These contentions must be rejected, for several reasons.  First of all, as should be clear from a reading of the November 9, 2012 decision, *Fisher* was cited by this court as supporting authority (along with other frequently cited – and binding – Second Circuit and Supreme Court precedent) for the well-established proposition that, under the *McDonnell Douglas* burden-shifting framework for considering Title VII claims, once the plaintiff has satisfied its minimal burden to make out a *prima facie* case of discrimination, and the employer has articulated a legitimate non-discriminatory reason for its employment action, in order to avoid summary judgment the plaintiff must "come forward with evidence that the defendant's proffered, non-discriminatory reason is a mere pretext for actual discrimination."  *Abdallah*, 2012 WL 5471986, at \*7 (citing *Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 (2d Cir. 2000); *St. Mary's Honor Ctr. V. Hicks*, 509 U.S. 502, 510–11 (1993); and *Fisher*, 114 F.3d at 1336).

Second, this court's discussion of the holding in *James* reflects the Second Circuit's careful examination of the Supreme Court's reasoning in *Reeves*, finding it to be "wholly compatible and harmonious with [the] reasoning in *Fisher*" and finding "no inconsistency between the two rulings."  *James*, 233 F.3d at 155.  By way of further explanation:

> [T]he Supreme Court in *Reeves* introduced some confusion as to the meaning of the *Fisher* opinion.  The Court stated that it was granting certiorari to resolve the conflict among circuits as to whether a prima facie case plus evidence of the falsity of the employer's proffered justification is adequate to sustain a finding of liability.  In a parenthetical clause following its citation to *Fisher*, the Court described *Fisher* as requiring that plaintiffs "introduce sufficient evidence for jury to find both that employer's reason was false and that real reason was discrimination."  *Reeves*, 530 U.S. at 140 (emphasis added).  With all respect the Court was mistaken.  *Fisher* does not require evidence that the employer's reason was false.  It requires only evidence adequately supporting a finding of discrimination.  As we have explained here, *Fisher* (like *Reeves* ) states that evidence satisfying the

minimal *McDonnell Douglas* prima facie case, combined with evidence of the falsity of the employer's explanation, may or may not be sufficient to sustain a finding of discrimination, and that whether such evidence is sufficient to sustain a finding of discrimination in any given case turns on analysis of the particular evidence in the case.

*James*, 233 F.3d at 156 n. 3; *see also Schnabel v. Abramson*, 232 F.3d 83, 89 n. 5 (2d Cir. 2000) (noting that "[i]t is arguable that the Supreme Court's reading of *Fisher* was inaccurate.  We read *Fisher* as consonant with *Reeves* ….").  Accordingly, a reasoned and thorough examination of the holdings in *James* and *Fisher* reveals the continued viability of their binding precedent in this Circuit, and this court's reliance on the standards set forth in *James* for guidance in determining whether plaintiff's proffer of circumstantial evidence was sufficient to avoid summary judgment at the pretext stage of the Title VII disparate treatment analysis cannot be deemed to be clear legal error.

Likewise, the court's reliance on *James* is not inconsistent with the Supreme Court's holding in *Desert Palace*.  In that case, the precise question before the Court was whether a plaintiff in a mixed-motive case – *i.e.*, where both legitimate and illegitimate reasons motivated the employer's decision – must present direct (as opposed to merely circumstantial) evidence of discrimination in order to obtain a mixed-motive jury instruction under Section 2000e-2(m) of Title VII, as amended by the Civil Rights Act of 1991.[1]  The Court held that, to warrant a mixed-motive jury instruction, a Title VII plaintiff need only present sufficient evidence – whether direct or circumstantial – "for a reasonable jury to

---

[1]Section 2000e-2(m) provides:

Except as otherwise provided in this subchapter, an unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated the practice.

conclude, by a preponderance of the evidence, that 'race, color, religion, sex, or national origin was a motivating factor for any employment practice.'" *Desert Palace*, 539 U.S. at 101. There is nothing in *Reeves* that can be reasonably interpreted as calling into question this court's application of the standards set forth in *James* to assess the sufficiency of the evidence in the record on summary judgment at the pretext stage of the *McDonnell Douglas* analysis.

Nor does the Second Circuit's decision in *Holcomb v. Iona College*, 521 F.3d 130 (2d Cir. 2008), require reconsideration. In *Holcomb*, the plaintiff was fired from his position as an assistant coach of the Iona College men's basketball team following a decline in the team's performance. He claimed that the college's decision to terminate him was motivated in part by his marriage to an African-American woman (the plaintiff is white). The district court granted summary judgment dismissing the complaint, finding that the plaintiff failed to meet his burden at the third step of the *McDonnell Douglas* analysis to produce evidence establishing that the college's stated reasons for his termination were a pretext for racial discrimination. *Holcomb v. Iona College*, 2006 WL 1982764, at *13 (S.D.N.Y. July 11, 2006). The Second Circuit reversed, holding that:

> [A] plaintiff who claims that the employer acted with mixed motives is not required to prove that the employer's stated reason was a pretext. A plaintiff alleging that an employment decision was motivated both by legitimate and illegitimate reasons may establish that the impermissible factor was a motivating factor, without proving that the employer's proffered explanation was not some part of the employer's motivation.

*Holcomb*, 531 F.3d at 141-42 (internal quotation marks and citations omitted).

In this case, however, plaintiff has not alleged – nor did he argue in his submissions on summary judgment –  that the decision to terminate him was motivated by both

legitimate and illegitimate reasons.   Rather, plaintiff has steadfastly challenged the legitimacy of the reasons given for his termination, asserting grounds which were thoroughly considered and rejected by the court.   In any event, even if plaintiff's claims could be viewed as sufficient to invoke the mixed-motive principles applied in *Desert Palace* and *Holcomb*, there is nothing in his Rule 59(e) submissions that might reasonably be expected to show that the decision to terminate him was partly motivated by illegitimate reasons, or to somehow otherwise alter the conclusion reached by the court that the plaintiff's circumstantial proof, while sufficient to meet his minimal *prima facie* burden of production, is insufficient to warrant sending this case to a jury.

For these reasons, plaintiff's motion for reconsideration is denied.

So ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated:   February 19, 2013
p:\pending\2009\09-861.feb13.2013